UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, *successor-by-merger to TCF National Bank*, | Case No. 22-cv-1281 (WMW/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| DreamTeam Services Inc. and Jennifer Franklin, | |
| Defendants. | |

Before the Court is Plaintiff's motion for default judgment against Defendants DreamTeam Services Inc. (DreamTeam) and Jennifer Franklin. (Dkt. 12.) For the reasons addressed below, the Court grants Plaintiff's motion for default.

## BACKGROUND

Plaintiff Huntington National Bank (Huntington) is a national banking association and the successor-by-merger of TCF National Bank (TCF). Huntington is headquartered in Ohio and transacts business in Minnesota. DreamTeam is a corporation with its principal place of business in Georgia. Franklin, a citizen of Georgia, is believed to be DreamTeam's CEO, CFO and Secretary.

Huntington alleges that, in March 2021, TCF provided financing for DreamTeam to purchase software and equipment through an Installation Payment Agreement (IPA). The IPA was secured by, among other things, a guaranty executed by Franklin in favor of TCF. In April 2022, Huntington provided DreamTeam with a notice of default for failure to make

the required monthly payments when due, a violation of the IPA. Huntington alleges that, because DreamTeam defaulted on its obligations under the IPA, Huntington is entitled to accelerate the entire indebtedness, obtain a joint and several money judgment against Defendants that includes all accrued interest, charges, attorneys' fees and expenses, recover any collateral and take other necessary action to enforce its security interests. According to Huntington, DreamTeam owed $142,838.23 pursuant to the IPA and other agreements between the parties as of May 2022

On May 10, 2022, Huntington commenced this action, advancing six claims to relief. Counts I and II allege breach of contract against DreamTeam and Franklin, respectively. Count III alleges that Huntington is entitled to take immediate possession of the collateral described in the agreements between the parties. Count IV alleges that Huntington's security interest is a first priority lien on the collateral described in the agreements between the parties. Count V alleges, in the alternative, unjust enrichment and Count VI alleges, in the alternative, promissory or equitable estoppel.

Franklin was served on May 11, 2022, and DreamTeam was served on June 14, 2022. Defendants did not answer or otherwise respond, and Huntington applied for entry of default on July 15, 2022. The Clerk entered default against Defendants on July 18, 2022. Huntington now moves for a default judgment against Defendants.

## ANALYSIS

### I.  Default Judgment

To obtain a default judgment, a party must follow a two-step process. The party seeking a default judgment first must obtain an entry of default from the Clerk of Court.

2

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Huntington sought an entry of default, which the Clerk of Court entered against Defendants on July 18, 2022. The entry of default is supported by the record, which reflects that Defendants were properly served with the complaint and summons and failed to answer or otherwise respond to the complaint.

After default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray*, 595 F.3d at 871 (internal quotation marks omitted); *accord Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). The Court addresses whether Huntington's claims constitute a legitimate cause of action.

### A. Breach of Contract (Counts I and II)

Under Minnesota law,[1] the "elements of a breach of contract claim are (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to [plaintiff's] right

---

[1] Huntington does not address choice of law in its memorandum in support of its motion for default. "A federal court sitting in diversity employs the choice of law principles of the forum state when deciding whether a contractual choice of law provision applies." *Katch, LLC v. Sweetser*, 143 F. Supp. 3d 854, 865 (D. Minn. 2015). Minnesota

to demand performance by the defendant, and (3) breach of the contract by defendant." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (internal quotation marks omitted).

Huntington alleges that TCF, Huntington's predecessor-by-merger, lent DreamTeam $160,113.43 to allow DreamTeam to purchase software and equipment from a third-party vendor. And, Huntington alleges, TCF paid the third-party vendor $160,113.43 in accordance with the contract. Huntington also asserts that DreamTeam defaulted under the contract by failing to make a required monthly payment that was due on March 29, 2022. According to Huntington, failing to make a required monthly payment is an occurrence that entitles Huntington to exercise all of its remedies under the contract, including accelerating the entire indebtedness. Huntington alleges that it provided notice to DreamTeam that it planned to exercise its right to accelerate the entire indebtedness. As of May 3, 2022, Huntington alleges, DreamTeam owed Huntington $142,838.23.

When accepted as true, the facts Huntington alleges in the complaint set forth a valid breach-of-contract claim against DreamTeam. Accordingly, the Court concludes that Huntington has established that the unchallenged facts constitute a legitimate claim for breach of contract as to DreamTeam.

---

generally enforces choice-of-law provisions, applying the substantive law agreed to by the parties. *Id.* at 866 (citing *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 596 (8th Cir. 2007)). The IPA between DreamTeam and TCF, Huntington's predecessor-by-merger, contains a choice-of-law provision, which provides that "[t]his IPA, and all matters arising from this IPA including all interest and finance charges hereunder, shall be governed by, and construed in accordance with federal law and, to the extent not preempted by federal law, by the laws of the state of Minnesota (excluding conflicts laws.)." Accordingly, the Court applies Minnesota state law to the claims in this action.

Huntington also alleges that it has established a valid breach-of-contract claim against Franklin. According to Huntington, Franklin signed a guaranty agreement, under which Franklin is "unconditionally and absolutely liable for all amounts due and owing under the Guaranty and Credit Agreements." And, Huntington alleges, Franklin has failed to pay the amount due under the IPA and has, therefore, breached the guaranty agreement.

When accepted as true, the facts Huntington alleges in the complaint set forth a valid breach-of-contract claim against Franklin. The Court concludes that Huntington has established that the unchallenged facts constitute a legitimate claim for breach of contract as to Franklin.

### B. Remaining Claims (Counts III, IV, V and VI)

Huntington addresses only its breach-of-contract claims in its motion for default judgment. On November 23, 2022, Huntington moved to voluntarily dismiss, without prejudice, Counts III, IV, V and VI of its complaint. As Huntington has moved to dismiss these claims, Counts III, IV, V and VI of the complaint are dismissed without prejudice.

## II. Damages

A district court must ascertain the amount of damages before entering a default judgment. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) ("[A] default judgment cannot be entered until the amount of damages has been ascertained."). A party seeking a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001). A district court may determine damages by computing the amount that the plaintiff is

5

lawfully entitled to recover based on the facts of record. *Pope v. United States*, 323 U.S. 1, 12 (1944). Once damages are calculated, the court may enter judgment accordingly. *Id.*

Huntington alleges that Defendants owe $147,169.47 in actual damages as of September 27, 2022. To support its actual damages calculation, Huntington submits a chart showing different categories of payments that Defendants are responsible for under the IPA along with the amounts that Huntington asserts are due and owed for each category. In support of its actual damages calculations, Huntington provides exhibits attached to its complaint, as well as a signed declaration from an officer and financial recovery representative of Huntington. In addition to actual damages, Huntington also seeks additional accruing interest charges, attorneys' fees and expenses in the amount of $7,743.10 and other applicable costs, fees and expenses. Huntington provides signed declarations from partners at Huntington's law firm Taft, Stettinius & Hollister LLP in support of its claimed attorneys' fees. Each category of Huntington's claimed damages is addressed in turn.

### A. Actual Damages

#### 1. Past-Due Monthly Payments

As of the date of Huntington's motion, DreamTeam had not made six monthly payments that were past due, which Huntington contends amount to $18,791.22. The monthly payment amount in the IPA is $3,131.87, which, when multiplied by six is $18,791.22. Therefore, the Court concludes that, as of September 27, 2022, the date of Huntington's motion, DreamTeam owed Huntington $18,791.22 in past-due payments.

### 2. Present Value of Remaining Installments

Huntington contends that, as of the date of its motion, the present value of the remaining 43 unpaid installments at an interest rate of 6.49 percent is $120,475.34. Huntington submits to the Court a chart calculating this value, and a signed declaration by its officer that attests to the amount owed. The Court therefore concludes that, as of the date of Huntington's motion, DreamTeam Services owed Huntington $120,475.34, the present value of the remaining 43 installments at a 6.49 percent interest rate.

### 3. Penalty Fee on Amounts Due and Owed

Huntington also seeks to recover a penalty fee on the amounts owed and due. The IPA provides that, following a default, TCF is entitled to a fee equal to 5 percent of the total present value of future monthly installment payments. Because the total present value of the future installment payments is $120,475.34, and 5 percent of that amount is $6,023.77, the Court concludes that Huntington, as successor-by-merger to TCF, is entitled to its requested penalty fee of $6,023.77.

### 4. Late Fee on Past-Due Payments

Huntington requests that the Court award $1,879.14 in late fees. Under the IPA, if an amount payable under the IPA is not paid within ten days of its due date, Huntington "may impose a late fee of up to 10% of the amount of the past due payment." The total amount of late fees is $1,879.14—10 percent of the regular monthly payment of $3,131.87 multiplied by six late payments.

Because the amount Huntington requests is in accord with the IPA, the Court awards Huntington $1,879.14 in late fees.

5. **Conclusion**

For the reasons addressed above, the Court awards Huntington a total of $147,169.47 in actual damages. This amount reflects the total of the past-due monthly payments, the present value of the remaining installments, the penalty fee and the late fee.

B. **Attorneys' Fees and Costs**

Huntington seeks attorneys' fees and costs in the amount of $7,743.10. Minnesota law recognizes the freedom of contracting parties to bargain for the remedy of attorneys' fees. *See State Bank of Cokato v. Ziehwein*, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994). Minnesota courts enforce contractual obligations to pay attorneys' fees if the amount of fees allowed under the contract is reasonable. *Id.*

Because the sworn declarations, invoices and billing records that Huntington provides substantiate Huntington's claimed attorneys' fees and costs, the Court awards Huntington attorneys' fees and costs in the amount of $7,743.10.

C. **Post-Judgment Interest**

Huntington requests post-judgment interest. A prevailing party has a right to post-judgment interest under 28 U.S.C. § 1961. *See Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1435 (8th Cir. 1991) (explaining that federal law governs post-judgment interest calculations). Post-judgment interest accrues on a plaintiff's total award, including costs and attorneys' fees, beginning on the day judgment is entered and accrues on a plaintiff's total award, until the judgment is satisfied. *Jenkins by Agyei v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991) ("The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees."). Under

Section 1961(a), post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).  Because Huntington is entitled to post-judgment interest, the Court awards Huntington post-judgment interest at the rate set by Section 1961(a).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Huntington National Bank's motion for default judgment, (Dkt. 12), is **GRANTED**.

2. Plaintiff Huntington National Bank's notice and motion for voluntary dismissal of Counts III, IV, V and VI of the Complaint, (Dkt. 19), is **GRANTED**.

3. Counts III, IV, V and VI of Plaintiff Huntington National Bank's complaint, (Dkt. 1), are **DISMISSED WITHOUT PREJUDICE**.

4.      The Clerk of Court shall enter judgment in the amount of $154,912.57, plus post-judgment interest as calculated pursuant to 28 U.S.C. § 1961(a), against Defendants DreamTeam Services Inc. and Jennifer Franklin and in favor of Plaintiff Huntington National Bank.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 10, 2023

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge